UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES M.,**[1]

    **Plaintiff,**      :

  v.                        **Case No. 2:23-cv-01155**
                              **Judge Sarah D. Morrison**
**COMMISSIONER OF**      **Magistrate Judge Peter B. Silvain, Jr.**
**SOCIAL SECURITY,**    :

    **Defendant.**

## ORDER

    Plaintiff brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance benefits, and supplemental security income. (ECF No. 1.) Plaintiff filed his Statement of Specific Errors on July 8, 2023. (ECF No. 9.) The Commissioner filed a Memorandum in Opposition (ECF No. 11), and Plaintiff filed a Reply (ECF No. 12). On January 23, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant Plaintiff's Statement of Specific Errors, vacate the Commissioner's non-disability finding, and remand the matter to the Social Security Administration for further proceedings pursuant to Sentence Four of

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (R. & R., ECF No. 13.) The Commissioner timely filed Objections to the Magistrate Judge's Report and Recommendation (Objs., ECF No. 14), and Plaintiff responded (Resp., ECF No. 15).

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"After the Appeals Council reviews the ALJ's [Administrative Law Judge] decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if [this Court] would decide the matter differently." *Olive,* 2007

WL 5403416, at *2 (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)). Though substantial evidence may support an ALJ's decision, the Court will not uphold it when the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Brittney B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-3908, 2023 WL 5349520, at *2 (S.D. Ohio Aug. 21, 2023) (Vascura, M.J.) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

The Court has carefully reviewed the record in this case and concludes that ALJ Foster erred when addressing the consistency and supportability factors. The Court agrees with the Magistrate Judge that ALJ Foster engaged in an improperly selective review of the record when making his consistency findings. (R. & R., PAGEID # 1604–05.) ALJ Foster highlighted certain portions of the medical records from Dr. Ogunsola and CNP Kammler that were consistent with other medical opinions while at the same time omitting significant contradictory portions about Plaintiff's ankles and range of motion. It is true that ALJ Foster need not "cite to every abnormal finding that may have contradicted the prior administrative medical finding." (Objs., PAGEID # 1614 (citing *Robinson v. Comm'r of Soc. Sec.*, No. 22-1397, 2022 WL 17168444, at *3 (6th Cir. Nov. 22, 2022).) However, the Court echoes the Magistrate Judge's conclusion that this level of mischaracterization of treatment notes is inappropriate.

Additionally, the Court agrees that ALJ Foster erred in applying the supportability factor to Dr. Mikalov and Dr. Tornello's opinions. (R. & R., PAGEID

3

# 1603.) When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(1). Here, Dr. Mikalov and Dr. Torello presented summaries of the objective medical evidence, but they failed to provide supporting explanations connecting that evidence to their conclusions. (ECF No. 8-3, PAGEID # 144, 165.) In other words, they did not "clearly explain what evidence they used *and* how that evidence led to their conclusions." (ECF No. 8-2, PAGEID # 108 (emphasis added).) Thus, substantial evidence does not support ALJ Foster's supportability findings.[2]

Accordingly, the Court **OVERRULES** the Commissioner's Objections (ECF No. 14), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13), and **VACATES** the Commissioner's non-disability finding. The Court **REMANDS** this case to the Social Security Administration for further proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[2] In light of the above discussion and the resulting need to remand this case, the Court, like the Magistrate Judge, need not engage in an in-depth analysis of Plaintiff's other challenges to the ALJ's decision.